**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3891
_____

ERGUS HAMITAJ,
                              Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the Board of Immigration Appeals
Agency No. A097 129 675
Immigration Judge:  Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 26, 2010
Before:  SCIRICA, SMITH and WEIS, Circuit Judges
(Opinion filed: June 2, 2010)
_____

OPINION
_____

PER CURIAM.

        Ergus Hamitaj petitions for review of an order of the Board of Immigration

Appeals ("BIA"), which dismissed his appeal of an Immigration Judge's ("IJ") final order

of removal.  We will deny the petition for review.

        Hamitaj is a native and citizen of Albania.  He entered the United States in

1

2003. He was charged as attempting to enter through the visa waiver program when he was not eligible to do so. Hamitaj conceded that he was excludable on that basis, but he applied for asylum and related relief based on his involvement in Albania's Democratic Party and its Youth Forum. The IJ found that Hamitaj was not credible, and denied all relief. The BIA found that the IJ's adverse credibility finding was not clearly erroneous, that the expert report Hamitaj submitted did "nothing to cure the adverse credibility finding," and that Hamitaj was not prejudiced by not receiving a signed copy of the IJ's decision until the date his brief was due, as he had received an unsigned copy earlier. Hamitaj filed a timely petition for review.

We generally review only final decisions by the BIA. Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, because the BIA substantially relied upon the IJ's adverse credibility determination, we review both the BIA's and the IJ's decisions with regard to the credibility determination. See Xie v. Ashcroft, 359 F.3d 239, 241-42 (3d Cir. 2004). We review legal conclusions de novo, see Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003), and uphold factual determinations, including adverse credibility findings, if they are "supported by reasonable, substantial and probative evidence on the record considered as a whole." Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004). To reverse an adverse credibility finding, the evidence of credibility must be so strong "that in a civil trial [the alien] would be entitled to judgment on the credibility issue as a matter of law." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We have

recognized that an IJ is normally in the best position to make a credibility determination and is "uniquely qualified to decide whether an alien's testimony has about it the ring of truth." Abdulrahman v. Ashcroft, 330 F.3d 587, 597 (3d Cir. 2003) (quoting Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1395 (9th Cir. 1985)).

We conclude that the adverse credibility determination here rests upon substantial evidence. The IJ provided numerous specific and cogent reasons for concluding that Hamitaj lacked credibility, many of which go to the "heart" of his claims.[1] See Berishaj v. Ashcroft, 378 F.3d 314, 323 (3d Cir. 2004). The BIA particularly noted that: (1) the date that Hamitaj joined the Democratic Party was not clear; (2) one of the two attacks forming the basis of his claim was not included in his initial asylum application; (3) the initial application did not mention that a gun was put to his head; and (4) in general, Hamitaj's more recent statement ("the second statement") was seen as an embellishment.

The BIA's first stated reason for upholding the adverse credibility finding is rather weak. Although Hamitaj argues that he consistently testified that he became an activist of the "Youth Forum of the Democratic Party" in 1998 when he was in high school, and that he joined the full party in 2002 when he turned eighteen, his assertion is belied by the record, as the Government asked him twice when he became a full member

---

[1] Because Hamitaj filed his asylum application in 2003, the REAL ID Act, effective May 11, 2005, does not apply to his claims. See 8 U.S.C. § 1158(b)(1)(B).

of the Democratic Party, and he twice answered that he did so in 1998. A.R. 195.

However, he also explained that for him, the Youth Forum and the Democratic Party were "like the same." Id. He may have felt that joining the Youth Forum was "full party" membership. Nevertheless, given the document Hamitaj submitted stating that he joined the Democratic Party in October 2002, and given his explanation that because the Party does not have computers, "they'll just write anything," A.R. 196; we do not feel compelled to overturn the adverse credibility finding on this basis. See Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 574 (1985) ("[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous").

The BIA's remaining reasons are related, as they all involve inconsistencies between Hamitaj's statement in support of his initial asylum application and the second statement, which was filed at the direction of an IJ. In his second statement, Hamitaj stated that an attempt was made on his life in April 2002, when an unmarked car tried to strike him. A.R. 286. The statement says that he got a threatening anonymous phone call about the incident that night. Id. The April 2002 incident is not mentioned at all in Hamitaj's initial statement. The second statement also sets forth in harrowing detail an incident in October 2002, when a man (not two men) pointed a gun, "mere inches" from his head (and even pulled the trigger, but no bullet fired), and threatened him to stop his political activity. A.R. 287. The initial statement references an incident "[b]y the end of

4

2002," which might refer to the October, 2002 incident, but the description says that he was stopped and brutally beaten by "two masked and armed man [sic]." A.R. 358. While "[a]n applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application," see Cao v. Attorney General, 407 F.3d 146 (3d Cir. 2005), we find it was not unreasonable for the BIA to believe that Hamitaj would not leave such compelling, graphic details out of his original application if they truly occurred. See Reynoso-Lopez v. Ashcroft, 369 F.3d 275, 279 (3d Cir. 2004) (later embellishment of claim may support adverse credibility finding).[2]

The BIA concluded that the IJ's adverse credibility finding was dispositive and relied upon it as the basis to deny Hamitaj's appeal. "An alien's credibility, by itself, may satisfy his burden, or doom his claim." Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir.2003) (en banc). In this case, the adverse credibility determination dooms Hamitaj's claim. Hamitaj bore the burden of supporting his asylum claim through credible

---

[2] The IJ also noted that Hamitaj omitted any mention of having received threatening phone calls in his initial affidavit, and that there was inconsistent information concerning when Hamitaj's father disappeared. A.R. 62-63.

5

testimony.  <u>Abdille v. Ashcroft</u>, 242 F.3d 477, 482 (3d Cir. 2001).[3]  He failed to meet that burden.

Accordingly, we will deny the petition for review.

---

[3]  Hamitaj spends much of his brief arguing that his due process rights were violated. As the Government points out, Hamitaj did not raise a due process claim in his brief to the BIA.  We therefore lack jurisdiction to consider whether Hamitaj's due process rights were violated. 8 U.S.C. § 1252(d)(1).  Hamitaj did argue in his brief to the BIA that the IJ ignored much of his evidence.  We agree with the BIA that the evidence Hamitaj points to does not compel reversal of the adverse credibility finding.  We further note that Hamitaj made no separate argument regarding his CAT claim in his brief to the BIA, and we therefore lack jurisdiction to consider that claim as well.  <u>Id.</u>  In any event, we note that there is no evidence in the record supporting the notion that Hamitaj would be imprisoned in Albania, much less that he would be tortured in prison.  <u>See</u> Petitioner's Brief at 32.